DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Domestic Relations Division, that denied appellant's motion to modify the parties' shared parenting plan. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "First Assignment of Error *Page 2 {¶ 4} "The court abused its discretion as the judge's decision was against the manifest weight of the evidence and the reviewing court did not give due deference to the trier of fact.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "The trial court abused its discretion in failing to weigh plaintiff-appellee's motive and timing of her relocation against her."
 {¶ 7} Kristina and Brian Archer were married in March 2002. Their son, Dakota ("Cody"), was born in 2002. When the parties separated in 2003, Cody continued to live with his mother while having liberal visitation with his father, who had an unpredictable work schedule due to his employment with the Department of Homeland Security. Appellant's employment required him to be in Chicago, where he maintained an apartment, several days each week. He also owned a home in Fairfield, Ohio, where he stayed with Cody when he was in town.
 {¶ 8} The parties were granted a divorce on November 1, 2004. On February 22, 2005, appellant filed a motion for reallocation of parental rights and responsibilities and a motion to terminate the shared parenting plan to which the parties had previously agreed. On that same date, mother filed a notification of a new address. On April 1, 2005, Cody moved with his mother and her fianc é, Josh, to Alaska.
 {¶ 9} The matter came on for hearing before a magistrate on June 16, 2005. At that time, appellant moved to dismiss his motion to terminate the shared parenting plan and proceeded on a motion to modify the plan which he had filed on May 13, 2005. On *Page 3 
December 19, 2005, the magistrate issued a decision and recommendation to grant appellant's motion to modify the shared parenting plan and designate appellant as the primary residential parent. Mother filed timely objections to the magistrate's decision and the matter was set for a non-oral hearing on March 28, 2005. By judgment entry dated April 17, 2006, the trial court found mother's objections well-taken and denied appellant's motion to modify the shared parenting plan. The trial court modified appellant's visitation to reflect the parties' geographic separation while still providing Cody with companionship time with his father.
 {¶ 10} In his first assignment of error, appellant asserts that the trial court abused its discretion when it modified the parties' parental rights. Appellant argues that allowing mother to become the residential parent was not in Cody's best interest because it isolates the child from his father, grandparents, aunts and uncles with whom he had established relationships, in favor of unestablished relationships with Josh's family in Alaska.
 {¶ 11} When a trial court considers a party's objections to a magistrate's decision, it must independently assess the facts and conclusions contained in the magistrate's report, which is the equivalent of a de novo determination. DeSantis v. Soller (1990), 70 Ohio App. 3d 226, 232.
 {¶ 12} A trial court is entitled to broad discretion in assessing whether a change in allocation of parental rights and responsibilities is warranted. Miller v. Miller (1988), 37 Ohio St. 3d 71, 74. Accordingly, our disposition of appellant's assignment of error rests *Page 4 
on a determination of whether the trial court abused its discretion in sustaining appellee's objections to the magistrate's decision and denying appellant's motion to modify the shared parenting plan. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 219.
 {¶ 13} R.C. 3109.04(E)(1)(a) provides in relevant part:
 {¶ 14} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 15} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 16} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent. *Page 5 
 {¶ 17} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 18} Applying R.C. 3109.04(E)(1)(a), the trial court first found that the move to Alaska constituted a change in Cody's and his mother's circumstances since the prior decree. The trial court noted that relocating from Ohio to Alaska would not in itself justify modifying the shared parenting decree. However, the court noted, the original plan called for Cody to visit with his father on his days off from work and for two weeks in the summer, which had become impracticable and made a modification necessary in order to serve Cody's best interest. The trial court acknowledged that allowing Cody to stay in Alaska with his mother as the residential parent would diminish the boy's relationship with his father, grandparents and other extended family in Ohio, while returning to Ohio would diminish his relationship with his mother and stepbrother. The court also noted that, while it was required to consider mother's establishment of her residence outside Ohio in determining Cody's best interest, the move should not be considered in a punitive light, but as one of the factors affecting Cody's well-being.
 {¶ 19} R.C. 3109.04(F)(1) states, in pertinent part, that a trial court shall consider all relevant factors, including ten listed in the statute, in determining the best interest of the child in regard to possible modification of parental rights and responsibilities. The trial court's decision in this case indicates that it meticulously reviewed the record and carefully applied the evidence to each of the statutory factors. *Page 6 
 {¶ 20} In reviewing those factors, the trial court noted that both parents expressed the desire to be residential parent, both possessed the physical and mental capabilities to care for Cody, and both would likely honor and facilitate the ultimate visitation schedule. The trial court found that Cody had a good relationship with both of his parents. The trial court further noted that appellant's work schedule is classified information and irregular, allowing him little advance notice of when he will be available. The court also noted that mother has been Cody's primary caregiver for the child's entire life.
 {¶ 21} The trial court found that Cody had adjusted well to his home and community in Alaska and that he had been integrated into Josh's family. Cody had not, the trial court found, been integrated into his father's family. The trial court noted that, while there is no dispute that appellant was a good and caring parent when he was with Cody, for most of the child's life his father had been away due to work, with mother bearing the bulk of the child-rearing responsibilities. Additionally, the trial court noted that appellant had offered no evidence as to a plan for Cody's day-to-day care when he is at work or unavailable overnight, if the court were to make him the residential parent. The trial court reviewed in detail appellant's testimony regarding possible arrangements for Cody's care and the potential availability of various friends and family members to cover for appellant if necessary, noting that appellant's responses to questions regarding past and future child-care arrangements as well as his work schedule were vague. The trial court concluded that so much uncertainty as to child care is not in the best interest of a three-year-old who is totally dependent on his caregiver. *Page 7 
 {¶ 22} Finally, the trial court concluded that any advantage to placing Cody with appellant as the residential parent would be outweighed by the harm that would result by removing him from his mother, with whom he has lived most of his life.
 {¶ 23} We are mindful that the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Thus, a reviewing court should be guided by the presumption that the trial court's findings were indeed correct. Id.
 {¶ 24} After reviewing the record in light of the factors listed in R.C. 3109.04(F)(1), we find that there was some competent evidence to support the trial court's determination that the custody modification served Cody's best interests. We find that the trial court did not abuse its discretion and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 25} In his second assignment of error, appellant asserts that the trial court failed to consider mother's motive and the timing of her move to Alaska as factors weighing against making her the residential parent.
 {¶ 26} At the hearing held in June and August 2005, on appellant's motion to modify the shared parenting plan, mother testified that she had gone to Alaska in January of that year and that she had been considering moving there for six months prior to the trip. This would indicate that mother was contemplating the move before she agreed to the shared parenting plan in November 2004. The issue of the timing of the move and *Page 8 
mother's forthrightness about it was not lost on the trial court, which noted that it was clear from the record that she was at least contemplating the possibility of the move at the time the shared parenting plan was read into the record. The court stated in its decision that "[w]hile a parent's establishment of a residence outside this state is a factor the Court is required to consider in determining the best interest of the child, it must be remembered that it is not to be considered in a punitive light to punish the parent who moves away, but in the light of what effect the out of state residence has on the well being of the child." The trial court further expressed reluctance to cast blame on mother without knowing whether she had perhaps been advised by her attorney not to mention the possible move unless a definite decision was made. The trial court then stated that "[e]ven if mother did mislead father and the Court, it does not change the responsibility of the Court to determine what is in the best interest of Cody and not to use a residential parent determination as a tool to punish mother for contemptuous behavior." Clearly, the trial court felt that there were other more important factors to consider in regard to Cody's best interest than mother's failure to be forthcoming about wanting to move to Alaska.
 {¶ 27} It is clear from the foregoing that the trial court considered, then dismissed, mother's credibility issue. As we discussed above, the trial court thoroughly considered the issue of Cody's best interest and appropriately decided that mother should remain the residential parent. Accordingly, this argument is without merit and appellant's second assignment of error is not well-taken. *Page 9 
 {¶ 28} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., Thomas J. Osowik, J., George M. Glasser, J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1